UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE, | No. C 13-2515 SI (pr) |
| Petitioner, | **ORDER DENYING MOTION TO DISMISS AND STAYING ACTION** |
| v. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | |

## INTRODUCTION

Charles G. Reece, an inmate at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is untimely and fails to state a federal question, which Reece has opposed. For the reasons discussed below, the court concludes that the action is not time-barred. The court also reviews the claims in the petition, determines that only one claim is cognizable, and chooses to stay that claim until the Ninth Circuit decides another pending case raising the same issue.

## BACKGROUND

Reece was convicted in Los Angeles County Superior Court of kidnapping for robbery in or about 1984 and was sentenced to a term of life imprisonment plus six years. Reece's petition does not challenge that conviction; instead, he challenges the denial of parole at a BPH hearing on August 31, 2010.

He filed state habeas petitions to challenge that denial of parole. His habeas petition in the Los Angeles County Superior Court was filed on January 7, 2011, and denied on March 14, 2011. His habeas petition in the California Court of Appeal was filed on May 11, 2011, and denied on May 18, 2011. His habeas petition in the California Supreme Court was filed on June 20, 2011, and denied on February 15, 2012.

Reece's federal petition for writ of habeas corpus has a proof of service showing it was mailed to the U.S. District Court (at the wrong address) on May 24, 2013. The envelope was stamped "received" at this courthouse on May 30, 2013, and the petition was stamped "filed" on June 4, 2013. Due to Reece's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document actually reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, the federal petition is deemed filed as of May 24, 2013.

## DISCUSSION

A.  <u>The Petition Is Not Time-Barred</u>

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the statute of limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as parole denials, i.e., the limitations period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and the one-year limitations period begins to run on the date the administrative decision becomes final. *See Shelby*, 391 F.3d at 1066 (limitations period began to run the day after prisoner received timely notice of the denial

1  of his administrative appeal challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077,
2  1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative
3  appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate"
4  of the habeas claims is the date on which the adverse administrative decision becomes final and
5  not the denial of the state habeas petition. *See Redd*, 343 F.3d at 1082.

6  The BPH's August 31, 2010 decision denying parole for Reece became final on December
7  29, 2010. *See* 8/31/10 RT 73. That is the date on which the one-year limitations period started.
8  Although Reece learned the crucial fact – i.e., that he would not be paroled -- at his parole
9  hearing, the decision was subject to review and revision for a limited period thereafter. *See* 15
10 Cal. Code Regs. § 2041(h) (referring to decisions at parole hearings as "[p]roposed decisions"
11 that were subject to review by the chief counsel or a designee). Respondent may be correct that
12 parole denials are rarely modified, but the possibility does exist that they can be modified and
13 the statute identifies them as proposed decisions. Under the circumstances, the date on which
14 the decision becomes final is the date that starts the limitations period. The presumptive
15 deadline for Reece to file his federal habeas petition therefore was December 29, 2011.

16 The one-year limitations period will be tolled for the "time during which a properly filed
17 application for State post-conviction or other collateral review with respect to the pertinent
18 judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A prisoner challenging an
19 administrative decision can receive statutory tolling for the period when state habeas petitions
20 are pending. *See Redd*, 343 F.3d at 1084. A state habeas petition is considered pending not
21 only for the time the case is open on the docket of a state court, but also for the time period
22 between state habeas petitions if the petitioner files the later state habeas petition at a higher
23 level court and does so "within what California would consider a 'reasonable time.'" *Evans v.*
24 *Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Reece
25 receives statutory tolling from the filing of his first state habeas petition on January 7, 2011,
26 through the denial of his last state habeas petition on February 15, 2012. Respondent does not
27 dispute that Reece is entitled to tolling for the time during which each state petition was actually
28

3

open on the docket of a court as well as the short periods of time between each of the state habeas petitions.

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). The critical question in this case is whether Reece receives tolling for the several months after the California Supreme Court denied his petition. Reece contends that, although the California Supreme Court denied his petition on February 5, 2012, he was unaware of that fact until January 23, 2013, when he first received a copy of the order denying his petition. Reece has presented evidence that: (1) he did not receive the decision in February 2012 when it first issued; (2) he wrote to the California Supreme Court in April 2012 asking about the status of his case, and the California Supreme Court responded by mistakenly providing information about another inmate's petition; (3) he wrote to the California Supreme Court again in April 2012 inquiring about his case, and received no response; (3) he wrote to the California Supreme Court again on January 17, 2013, requesting information about the status of his habeas petition and, on January 23, 2013, the California Supreme Court informed him of the denial of his petition that had occurred eleven months earlier. Equitable tolling is appropriate for the period from February 15, 2012 through January 23, 2013 in light of the evidence that Reece did not receive timely notice of the California Supreme Court's denial of his petition, despite his several efforts to learn the status of that petition. Respondent asserts that Reece was not diligent in his efforts to learn the status of his habeas petition because he did not immediately contact the California Supreme Court in April 2012 when he did not receive a prompt response to his second inquiry. The court disagrees; although in retrospect it does appear that the mail may have been lost, the nature of unanswered mail is that the sender usually doesn't know whether it has been lost, forgotten, or is being processed until long after the fact. Reece is entitled to equitable tolling for the period between the California Supreme Court's denial of his petition and the time the California Supreme Court informed him of the denial.

4

Reece's federal petition was deemed filed on May 24, 2013. At that time, he was slightly more than four months into the one-year limitations period, i.e., seven days of the limitations period had passed before the statutory and then equitable tolling periods paused the clock, and then approximately four months passed between the end of the equitable tolling period and the filing of the federal petition. Reece's federal petition for writ of habeas corpus therefore is not barred by the habeas statute of limitations. Respondent's motion to dismiss is DENIED. (Docket # 6.)

B. <u>Review of Petition</u>

Having determined that the petition is not untimely, the court now determines which, if any, of the claims in the petition warrant a response. This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petition alleges three claims, only the last of which may go forward. First, Reece contends that the BPH violated his "substantive due process right" by applying Proposition 9 to him because that Proposition does not apply to non-murderers. Docket # 1, p. 6. This claim is meritless. Proposition 9 was not textually limited to murderers, and the statutory amendment to California Penal Code § 3041.5 that resulted from Proposition 9 was not limited to murderers. Indeed, it was in a case brought by a prisoner serving an indeterminate life term on a kidnapping conviction that the California Supreme Court found that Proposition 9 did not violate prisoners' ex post facto rights. *See In re. Vicks*, 56 Cal. 4th 274, 284 (Cal. 2013) (upholding application of Marsy's law to kidnapper). Reece urges that, since the "Purposes and Intent" section of Proposition 9 mentioned murderers, it implicitly excluded all other criminals. *See* Docket # 1-1 at 10-11. This argument fails because even the "Statement of Purposes and Intent" section was broader than just murderers: although it did state that the purpose of the initiative was to limit the frequency of parole hearings for murderers, it also stated that its purpose was to "[p]rovide

victims with rights to justice and due process," which expands its reach beyond killers. *See* Cal. Proposition 9 (2008) (available in Westlaw's Ca-Legis-Old database). Proposition 9 explicitly amended California Penal Code § 3041.5 to lengthen the default parole periods for all prisoners to whom that section applied, not just for murderers. Section 3041.5 applied to kidnappers like Reece before and after the amendments caused by Proposition 9. Reece's claim that the application of Proposition 9 and California Penal Code § 3041.5, as amended, to a kidnapper like him violated his right to substantive due process is dismissed without leave to amend.

Second, Reece contends that his right to due process was violated by the BPH's reliance on insight, taking responsibility and "minimizing" to deny him parole because those factors are not part of the state regulations. This claim must be dismissed. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.) The court may not grant habeas relief for state law errors. *Id.* For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See id.* at 862. Reece does not dispute that he received those two procedural protections, and the record before this court plainly shows that he did receive them. The *Cooke* Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise. In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence to support the parole denial, the due process claim must be rejected. *Cooke* bars a claim not only to a challenge to the quantum of evidence, but also to a challenge to the categories of evidence used by the parole board. The state court's rejection of Reece's procedural due process challenges was not contrary to or an unreasonable application of

Supreme Court precedent.

Finally, Reece contends that his right to be free of ex post facto laws was violated when the BPH denied him parole for 5 years pursuant to the statute as amended by Proposition 9 in 2008. Giving the *pro se* petition the liberal construction to which it is entitled, the court cannot say that the claim is patently frivolous. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1108-11 (9th Cir. 2011) (§ 1983 class action plaintiffs could not succeed on the merits of their ex post facto challenge to Proposition 9 unless (1) Proposition 9, on its face, created a significant risk of increasing the punishment of California life-term inmates, or (2) the plaintiffs demonstrate, by evidence drawn from Proposition 9's practical implementation, that its retroactive application will result in a longer period of incarceration than under the prior law); *but see In re Vicks*, 56 Cal. 4th 274, 284 (Cal. 2013) (rejecting ex post facto challenge to Proposition 9/Marsy's Law provision). The Ninth Circuit issued a certificate of appealability in a pending case on the issue of whether an *ex post facto* challenge to the application of Proposition 9/Marsy's Law is cognizable in a federal habeas proceeding, and heard oral argument in the matter on August 12, 2013. *See Burnight v. Swarthout*, Ninth Cir. Case No. 11-16062.

In light of the fact that the Ninth Circuit has a case in which it will decide the same issue presented by Reece's petition and will do so in a case that is far-advanced and already has had oral argument, it would be an unnecessary consumption of judicial resources for this court to decide the issue at this time. By waiting for the Ninth Circuit's decision, the court avoids the possibility of having to decide the same issue twice– once now and once again after *Burnight*. Therefore, this action will be stayed until a decision issues in *Burnight* or further order of this court. After *Burnight* is decided, the court will set a briefing schedule on the ex post facto claim, unless *Burnight* rules that such a claim may not be pursued in a federal habeas action.

/ / /

/ / /

/ / /

7

**CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss is DENIED. (Docket # 6.)

2. Petitioner's "motion to inform court" is DENIED as unnecessary. (Docket # 5.) The information in that document was in the nature of an anticipated opposition to respondent's motion to dismiss, but was filed before the motion to dismiss was filed. Petitioner repeated his arguments in his opposition to the motion to dismiss. Petitioner was not permitted to file two oppositions to the motion to dismiss.

3. The petition states a cognizable claim for an ex post facto violation.

4. This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until the *Burnight* case is decided by the Ninth Circuit or until further order of this court.

IT IS SO ORDERED.

DATED: November 4, 2013

SUSAN ILLSTON
United States District Judge