UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent.<br>_____ / | No. C 13-2515 SI (pr)<br><br>**ORDER LIFTING STAY, REOPENING ACTION, AND SETTING BRIEFING SCHEDULE** |

Charles G. Reece, an inmate at San Quentin State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss on the grounds that the petition was untimely and failed to state a federal question. On November 4, 2013, the court found that the action was not time-barred and that there was a cognizable Ex Post Facto Clause claim in that Reece had alleged that his right to be free from ex post facto laws was violated when the BPH denied him parole for five years pursuant to the statute as amended by Proposition 9 in 2008. Docket # 9. However, the court decided in that same order to stay this action until the Ninth Circuit decided another pending case raising the same issue. The court explained:

> The Ninth Circuit issued a certificate of appealability in a pending case on the issue of whether an *ex post facto* challenge to the application of Proposition 9/Marsy's Law is cognizable in a federal habeas proceeding, and heard oral argument in the matter on August 12, 2013. *See Burnight v. Swarthout*, Ninth Cir. Case No. 11-16062. [¶] In light of the fact that the Ninth Circuit has a case in which it will decide the same issue presented by Reece's petition and will do so in a case that is far-advanced and already has had oral argument, it would be an unnecessary consumption of judicial resources for this court to decide the issue at this time. By waiting for the Ninth Circuit's decision, the court avoids the possibility of having to decide the same issue twice– once now and once again after *Burnight*. Therefore, this action will be stayed until a decision issues in

*Burnight* or further order of this court. After *Burnight* is decided, the court will set a briefing schedule on the ex post facto claim, unless *Burnight* rules that such a claim may not be pursued in a federal habeas action.

Docket # 9 at 7.

On April 30, 2015, the Ninth Circuit dismissed the *Burnight* case as moot after the prisoner in that case was released from custody. The court now will set a briefing schedule because no guidance on the ex post facto claim will be coming in the *Burnight* case. Accordingly:

1. The STAY is now LIFTED. The clerk will REOPEN this action which had been administratively closed.

2. Respondent must file and serve upon petitioner, on or before **July 17, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 14, 2015**.

IT IS SO ORDERED.

DATED: May 7, 2015

_____
SUSAN ILLSTON
United States District Judge